UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| QUINTIN J. MAYWEATHER-BROWN, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-252-RLM-MGG |
| MARK SEVIER, | |
| Defendant. | |

OPINION AND ORDER

Quintin J. Mayweather-Brown, a prisoner without a lawyer, filed this case without paying the filing fee. He hasn't filed a motion to proceed in forma pauperis. Even if he had filed such a motion, he has accrued three strikes under the Prison Litigation Reform Act, <u>See Mayweather-Brown v. Elkhart Co. Sheriffs Dept.</u>, 3:17-cv-178 (N.D. Ind. filed Feb. 28, 2017), so he can't proceed in forma pauperis, except for claims alleging that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the imminent danger standard, the threat complained of must be real and proximate. <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

Mr. Mayweather-Brown says he is in imminent danger because correctional staff are serving him spoiled food during meals, which has resulted in extreme stomach cramps, vomiting, diarrhea, fatigue, and muscles aches. With respect to these allegations, Mr. Mayweather-Brown plausibly suggests that he is in imminent danger. Mr. Mayweather-Brown further alleges that he no

longer receives a kosher diet, which constitutes a violation of his religious rights. He can't proceed on these allegations because they don't pose an imminent risk of serious physical injury.

Mr. Mayweather-Brown asks for safely prepared meals and adequate medical treatment for foodborne illnesses. "The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). Therefore, injunctive relief, if granted, will be limited to requiring correctional officials to address Mr. Mayweather-Brown's health-related concerns about his meals to the extent required by the Eighth Amendment.

For these reasons, the court:

(1) GRANTS Quintin J. Mayweather-Brown leave to proceed against Mark Sevier in his official capacity on an injunctive relief claim to address his health-related concerns about his meals to the extent required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Mark Sevier at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. §1997e(g)(2), Warden Mark Sevier to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 1, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT