UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUINTIN J. MAYWEATHER-BROWN,

    Plaintiff,

v.    CAUSE NO.: 3:19-CV-252-RLM-MGG

MARK SEVIER,

    Defendant.

## OPINION AND ORDER

Quintin J. Mayweather-Brown, a prisoner without a lawyer, began this case by filing a motion for a preliminary injunction. The Prisoner Litigation Reform Act gives federal courts authority to allow plaintiffs to initiate actions without the prepayment of filing fees. 28 U.S.C. § 1915. That authority is constrained by Section 1915(g), commonly referred to as the "three strikes rule." See e.g., Coleman v. Tollefson, 135 S. Ct. 1759, 1761 (2015). A dismissal on grounds that an action is frivolous, malicious, or fails to state a claim is a strike for purposes of § 1915(g). Id. A prisoner who has accumulated three strikes cannot proceed without a full prepayment of the filing fee unless he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Mr. Mayweather-Brown has accrued three strikes under the Prison Litigation Reform Act and can't proceed in this case without full payment of the filing fee unless he alleges that he is in imminent danger of serious physical injury. The court granted him leave to proceed in forma pauperis based on allegations that correctional staff are serving him spoiled food during meals,

which has resulted in extreme stomach cramps, vomiting, diarrhea, fatigue, and muscles aches. ECF 2. The Warden responded that Mr. Mayweather-Brown's allegation of imminent danger is not credible. ECF 9.

In support of the response, the Warden submitted medical records that show that Mr. Mayweather-Brown has submitted many medical requests about nausea, vomiting, and other symptoms but refuses to attend scheduled medical appointments or to comply with medical instructions. For example, on March 11, 2019, a nurse noted that Mr. Mayweather-Brown had been prescribed Zofran, which is used to prevent nausea and vomiting, but that he began refusing it after less than a week.

The Warden also submitted grievance records, which show that Mr. Mayweather-Brown has not submitted any food-related grievances since July 2017. In a grievance from April 2017, Mr. Mayweather-Brown noted that food trays come with stickers indicating the time when the food tray is ready to be served and the recommended time when the food tray should be discarded. In this instance, the tray was ready at 5:17 a.m., should have been discarded by 9:17 a.m., but he got it at noon. In an interview request form from November 2018, Mr. Mayweather-Brown asked to be removed from the kosher diet list because his food was always served cold and twenty to thirty minutes before the recommended discard time.

In reply, Mr. Mayweather-Brown states that, even after he was removed from the kosher diet, the food is improperly prepared and sometimes spoiled. He

further alleges that the kitchen is infested with rats and that kitchen workers don't wear hairnets.

The Warden challenges Mr. Mayweather-Brown's allegation of imminent danger of physical harm. The court of appeals has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). "If a defendant contests a plaintiff's imminent-danger allegations . . . the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing." Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010) (citing Gibbs v. Roman, 116 F.3d 83 (3rd Cir. 1997)).

Mr. Mayweather-Brown's allegation of imminent harm of physical danger isn't credible. Cooked food served cold might be unpleasant, but it doesn't necessarily lead to foodborne illness, and spoiled food isn't the only cause of nausea, vomiting, or any of the other alleged symptoms. Mr. Mayweather-Brown has no medical evidence suggesting that his food caused these symptoms and lacks medical expertise necessary to establish causation. His refusal to cooperate with medical staff, by itself, undermines the sincerity of his complaints -- if his symptoms are as severe as he alleges, it would make little sense for him to refuse to attend medical appointments and to refuse to take medication prescribed specifically for the purpose of alleviating those symptoms. It has also deprived medical staff of the opportunity to assess and verify his symptoms, which, in turn, also makes it more difficult for the court to credit his allegations. Mr.

Mayweather-Brown's grievances records raise even more credibility concerns. Given the severity of the allegations, it's unclear why he has not filed any grievances on this issue during the last two years, and, considering that that these food-related concerns began more than two years ago, it's unclear how these concerns present an imminent risk. Mr. Mayweather-Brown alleged that the defendants removed him from the kosher diet in retaliation for filing grievances and forced him to accept regular food trays, but the record shows that he wrote to correctional staff and asked to be removed. This contradiction also raises concerns about the reliability of Mr. Mayweather-Brown's allegations and characterization of events. Based on the lack of medical evidence and the absence of any explanation for Mr. Mayweather-Brown's refusal to attempt to resolve these issues through normal channels, the court cannot credit his allegation of imminent harm.

Finally, the motion for a preliminary injunction remains pending, and the factual basis underlying this motion and the imminent danger allegation are identical. "The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." <u>Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.</u>, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest."

4

Joelner v. Village of Washington Park, Illinois, 378 F.3d 613, 619 (7th Cir. 2004). Based on the credibility issues just discussed, the court can't find a reasonable likelihood that Mr. Mayweather-Brown will succeed on the merits of his claim or that he will suffer irreparable harm without injunctive relief. The court denies the motion for a preliminary injunction.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 1); and

(2) ORDERS Quintin J. Mayweather-Brown to pay the $400.00 filing fee by August 17, 2019.

The court CAUTIONS Quintin J. Mayweather-Brown that, if he doesn't respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on July 18, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT